NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada

DANIEL P. TALBERT, SBN OH 0084088
Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (415) 977-8995
Facsimile: (415) 744-0134
E-Mail: Daniel.Talbert@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FAITH DICKERSON,<br><br>        Plaintiff,<br><br>      vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 2:20-cv-01585-DJA<br><br>**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER; DECLARATIONS OF JEBBY RASPUTNIS AND CHRISTIANNE VOEGELE**<br><br>**(*FIRST REQUEST*)** |

Defendant, Andrew Saul, Commissioner of Social Security (the "Commissioner"), by and through his undersigned attorneys, hereby moves for a sixty-day extension of time to file the Certified Administrative Record (CAR) and answer to Plaintiff's Complaint.  The CAR and answer to Plaintiff's Complaint are due to be filed by January 15, 2021.

In light of the global COVID-19 pandemic, the Social Security Administration ("SSA" or the "Agency") has taken the unprecedented step of suspending in-office services to the public: https://www.ssa.gov/coronavirus/.  The Agency is focusing on providing the most critical services by mail, phone and online to those most in need.  SSA is also taking additional steps to protect its employees and help stop the spread of COVID-19, maximizing social distancing, including significantly limiting employee access to SSA facilities for health and safety only and has moved toward a temporary virtual work environment.  Electronic processes allow some of SSA's most critical work to continue with minimal interruption; other workloads have been suspended until the health crisis abates or the Agency is able to create new electronic business processes.

For purposes of this particular case, the public health emergency pandemic has significantly impacted operations in the Social Security Administration's Office of Appellate Operations (OAO) in Falls Church, Virginia.  That office is responsible for physically producing the administrative record that is required to adjudicate the case under Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h).  *See* SSA Program Operations Manual System GN 03106.025, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0203106025.

As detailed in the attached declarations, beginning March 16, 2020, OAO's staff members began to telework to protect employee health and prevent further spread of COVID-19.  At that time, critical in-person physical tasks associated with preparing the administrative record could not be accomplished.  For example, prior to the COVID-19 pandemic, to safeguard Personally Identifiable Information (PII), all

hearing recordings, which are part of the administrative record, were downloaded onto compact discs and encrypted.  OAO securely routed the encrypted discs to a private contractor through a daily pickup and delivery service at the Official Duty Station (ODS) in Falls Church, Virginia.  The private contractor would transcribe the hearing recording and send the paper copy of the hearing transcript back to OAO.  OAO personnel would then scan the hearing transcript into the electronic record or place the hearing transcript in the paper case file.  Thereafter, OAO personnel would assemble the administrative record in a prescribed order.

To ensure a continuity of operations, OAO has been actively pursuing mitigation efforts to allow the remote preparation of administrative records.  For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers.  In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

For cases in which OAO had not yet submitted recordings to the private contractors before March 16, 2020, OAO has been pursuing all available options to obtain transcriptions for these cases.  In May 2020, OAO began encrypting hearing recordings and securely emailing them to the contractors for transcription.  Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files.  The process is functioning now, albeit at only half of normal productivity.

Given the volume of pending cases, Defendant requests an extension in which to respond to the Complaint until January 15, 2021.  If in sixty days the CAR is not prepared, the Commissioner will file a status report with the Court as to when he expects the CAR to be completed.

1        On November 10, 2020, the undersigned conferred with Plaintiff's counsel, who has no opposition

2   to the requested extension.

3        It is therefore respectfully requested that Defendant be granted an extension of time to file the CAR

4   and answer to Plaintiff's Complaint, through and including January 15, 2021.

7      Dated:  November 10, 2020           Respectfully submitted,

8                                     NICHOLAS A. TRUTANICH
United States Attorney

/s/ *Daniel P. Talbert*
DANIEL P. TALBERT
Special Assistant United States Attorney

IT IS SO ORDERED:

_____

HON. DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED:  November 12, 2020

**CERTIFICATE OF SERVICE**

I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My business address is 160 Spear Street, Suite 800, San Francisco, California 94105.  I am not a party to the above-entitled action.  On the date set forth below, I caused service of **UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER; DECLARATIONS OF JEBBY RASPUTNIS AND CHRISTIANNE VOEGELE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which provides electronic notice of the filing:

> Marc V. Kalagian
> marc.kalagian@rksslaw.com
> Attorney for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 10, 2020

/s/ *Daniel P. Talbert*
DANIEL P. TALBERT
Special Assistant United States Attorney

DECLARATION OF CHRISTIANNE VOEGELE
OFFICE OF APPELLATE OPERATIONS
SOCIAL SECURITY ADMINISTRATION

I, CHRISTIANNE VOEGELE, Chief of Court Case Preparation and Review Branch 1,

and Acting Chief of Court Case Preparation and Review Branch 3, of the Social Security

Administration's Office of Appellate Operations (OAO), declare and state as follows:

(1)     Under direct delegation from the Commissioner of Social Security, the Office of

Hearings Operations (OHO) administers a nationwide hearings program, and OAO administers a

nationwide appeals program.  OHO includes the Administrative Law Judges who hold hearings

on claims arising under Titles II and XVI of the Social Security Act, as amended, when a

claimant who is dissatisfied with their administrative determination requests a hearing.  OAO

includes the Appeals Council, which reviews claims when a claimant is dissatisfied with the

decision rendered by an Administrative Law Judge.  OAO also provides professional and

technical advice to the Deputy Commissioner and Administrative Appeals Judges of the Appeals

Council in the processing of cases in which a claimant has filed a civil action.

(2)     One function of the Appeals Council is to act on requests for review of hearing

decisions made by Administrative Law Judges and to either grant, deny or dismiss any such

request.  Under the regulations of the Social Security Administration, if the Appeals Council

denies a timely request for review of a hearing decision, that hearing decision becomes the "final

decision" within the meaning of, and subject to, the provisions for judicial review in section

205(g) of the Social Security Act, as amended (42 U.S.C. section 405(g)).  The first sentence of

that section reads as follows:

"Any individual, after any final decision of the Commissioner made after a
hearing to which he was a party, irrespective of the amount in controversy, may

See Next Page

obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.***"

(3)     I am responsible for the processing of claims under Titles II and XVI of the Social Security Act, as amended, whenever a civil action has been filed in the Fourth, Sixth, Seventh, Ninth, Eleventh, and District of Columbia judicial circuits.  As described below, OAO's business processes are true to the best of my knowledge and belief.

a) If a civil action is properly commenced, the third sentence of 42 U.S.C. 405(g) states the following: "As part of the Commissioner's answer[,] the Commissioner shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."  On behalf of the Commissioner of the Social Security Administration, OAO personnel are responsible for preparing a certified copy of the transcript of the record.

b) Upon notification of the civil action by the U.S. Attorney's Office or the Social Security Administration's Office of General Counsel, OAO personnel must locate and retrieve the plaintiff's claim(s) file, which is in either a paper or electronic format.  The file contains both evidentiary and procedural documents, and the recording of any hearing held before an Administrative Law Judge.

c) Upon locating the file, OAO personnel determines if the claimant timely filed the civil action and, if so, routes the recording of the hearing to a private contractor for transcription.

d) Historically and prior to the COVID-19 pandemic, to safeguard Personally Identifiable Information (PII), all hearing recordings were downloaded onto compact discs, and these discs were encrypted.  OAO securely routed the encrypted discs to a

See Next Page

private contractor through a daily pickup and delivery service at the Official Duty

Station (ODS) in Falls Church, Virginia.  The contractor is responsible for all tasks

necessary for transcription typing services.  It is estimated that an average hearing

lasts 45 minutes and results in an average of 33 pages of transcript.  Each transcript

contains a certification statement by a transcriber and proofreader.  Transcription of a

hearing recording can take up to 20 business days, but is generally transcribed in 5-10

business days.  After the contractor transcribed the hearing recording, a paper copy of

the hearing transcript was sent back via a delivery service to the ODS in Falls Church,

Virginia.  OAO personnel would then scan the hearing transcript into the electronic

record or place the hearing transcript in the paper case file.  Thereafter, OAO

personnel would assemble the administrative record in a prescribed order.

e)   Most cases are adjudicated using the Social Security Administration's Electronic

Disability Collect System (EDCS).  Even using EDCS, most cases historically

required physical, in-house scanning and uploading of hearing transcripts.  This work

was performed at the ODS.

f)   Even for cases using EDCS that are in electronic format, many jurisdictions require

encrypted compact discs and paper copies of the certified administrative record.  All

paper copies are produced at the ODS, and all compact discs and paper copies are

shipped via United States Parcel Service from the ODS.

g)   Due to the COVID-19 pandemic, OAO staff are not currently authorized to report to

the office due to health and safety concerns.  On or about March 16, 2020, OAO

began working remotely.  Consequently, OAO had been unable to complete certified

administrative records on any cases that required in-office work at the ODS,

including any cases in which the transcript(s) of the hearing recording(s) had not already been uploaded to the electronic file.

h) To ensure a continuity of operations, OAO has been actively pursuing mitigation efforts to allow the remote preparation of as many administrative records as possible.

    a. For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers.  In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

    b. Subsequently, OAO consulted with OAG and the Office of the General Counsel, and obtained approval for a new process to replace encrypted compact discs.  In May 2020, OAO began encrypting hearing recordings and securely emailing them to the contractors for transcription.  Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files.  The process is functioning now, albeit at a fraction of normal productivity.

i) OAO plans to continue to explore all options available to complete the preparation of certified electronic records during the COVID-19 pandemic.

j) OAO generally prioritizes the preparation of the certified administrative records based on receipt dates, with the oldest receipt dates processed first.  OAO will work to ensure the oldest pending cases, including court remands and final decisions, are given priority processing.

See Next Page

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.


June 17, 2020
Date

CHRISTIANNE VOEGELE

DECLARATION OF JEBBY RASPUTNIS
OFFICE OF APPELLATE OPERATIONS
SOCIAL SECURITY ADMINISTRATION

I, JEBBY RASPUTNIS, Executive Director of the Social Security Administration's Office of Appellate Operations (OAO), declare and state as follows:

1) My office is responsible for, among other things, preparing certified copies of administrative records (CARs) for Federal court review when claimants appeal the final decisions of the Commissioner of Social Security.

2) Beginning in mid-March, the Social Security Administration restricted physical access to our buildings because of the COVID-19 pandemic.   In order to protect the health and safety of our employees and our community, we have kept our employees on maximum telework, only authorizing limited in-office work since that time.  The OAO's office in Falls Church, Virginia – which is home to OAO's Division of Civil Actions – is included in this restriction.  Prior to the pandemic, the Division of Civil Actions worked out of the Falls Church office, with the support of three (3) contracted transcription typing services, to complete CARs using a manual, paper, process.

RECENT PROGRESS IN PRODUCING CARS

3) After much work, we have redesigned our business processes to allow for a mostly virtual CAR preparation process.  These new approaches required us to modify and test technology, retrain staff, and modify blanket purchasing agreements with the transcription typing services we rely on for transcripts of agency hearings.  It has taken us some time and more than one try, but we now have a virtual process that has enabled us to ramp up our CAR production commensurate with the capacity of our transcription typing services.  In August, we processed more than 1,100 cases and we expect to

continue increasing our productivity.  We will soon surpass our pre-pandemic production rates of 300-400 per week - during the last week of August, we produced 396 CARs.

4)  The effects of the COVID-19 pandemic also resulted in staffing and processing problems for our transcript typing service contractors.  These contractors are a necessary part of the CAR preparation process because the agency does not have staff to produce hearing transcripts. The agency is supporting its existing contractors in hiring new staff by expediting their suitability investigations and credentialing.  We are also seeking additional contracts.

5)  We have recently finalized an additional contract such that we are now working with four contracted transcription typing services.  We are also working to add another contract with a transcription typing service vendor in order to bring our total number of transcription contracts to five.

6)  As we work internally to increase productivity, we are communicating information about our workload to important stakeholders.   In July, we met with several representatives from the National Organization of Social Security Claimants' Representatives.  On August 25th, I wrote to the Director of the Administrative Office of the United States Courts with information about the effect of our difficulties on the courts and to stress that agency leadership is mindful of the importance of judicial review to claimants and committed to increasing our CAR production.

CURRENT CHALLENGES

7)  Backlog: Last year, we produced approximately 16,900 new CARs.  This year, despite our pandemic-related production delays, we have already completed approximately 11,000, and we continue to increase our productivity.  However, the number of new

complaints in the district courts has increased, and we are seeing receipts in excess of prior years.  In fiscal 2019, district court complaints filed against the agency averaged 1,440 per month.  As comparison, PACER[1] shows 2,435 new cases in July and 2,339 in August.  The backlog of work that built up during the past six months is daunting.  At the end of August, we had more than 8,000 new court cases waiting to be processed.  We publish quarterly information on our workloads at

https://www.ssa.gov/appeals/DataSets/08_National_New_Court_Cases_and_Remands.html.

8) <u>Prioritizing Cases Using the New Process</u>: Due to the multiple changes to our process, our staff had difficulty separating the oldest cases from the newer cases when transmitting audio files to the contracted transcription typing service.  Although we now have an organizational system in place to ensure that cases are transmitted in age-order to our contract typing services, each contractor works at a different speed based on their individual staffing challenges.  Rather than hold completed transcripts returned from the vendors to place them in age order, our staff processes transcripts as soon as they receive them so as not to further delay any CAR filings.  As our organization system continues to improve the processing order, we expect that disparities between case filing dates and CAR completion dates will decrease.  We continue to focus our efforts on processing the most aged cases.

9) <u>Capacity of Contracted Transcription Typing Services</u>:  The pandemic affected the private companies with which we had contracted for transcription typing services.  Although we have been working with the existing contractors to increase their capacity,

---

[1]National search of district court new civil actions with nature of suit codes 862-865, performed 9/6/2020.

Page **3** of **4**

have effectuated a new contract, and are working to complete a fifth contract, our contractors have finite capacity to deliver hearing transcripts.  Moreover, we cannot control the impact of the pandemic on their workforce.

10) At this time, the timeframe for delivering a CAR in any individual case has improved. Although we remain subject to some constraints, we continue to work on increasing productivity to the best of our ability. We ask for continued patience as we work to add transcription capacity, increase our production of CARs, and address rising court case filings.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Dated September 11, 2020

_____

Jebby Rasputnis