UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Faith M. Dickerson, | Case No. 2:20-cv-01585-DJA |
| Plaintiff, | |
| v. | ORDER |
| Andrew Saul[1], Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Faith M. Dickerson's motion for reversal or remand (ECF No. 20), the Commissioner's cross motion to affirm (ECF No. 21), and Plaintiffs' reply (ECF No. 22). Because the Court finds that the Administrative Law Judge's ("ALJ") determinations were supported by substantial evidence, it denies Plaintiff's motion for reversal and/or remand (ECF No. 20) and grants the Commissioner's cross motion to affirm (ECF No. 21). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

    *A.    Procedural history.*

On October 21, 2016, Plaintiff applied for supplemental social security income, alleging disability with an onset date of October 21, 2016. (AR 209-10, 269-74). The Commissioner initially denied Plaintiff's claim on January 10, 2017 and denied reconsideration on July 10, 2017. (AR 166-69, 183-85). On September 20, 2019, the ALJ issued an unfavorable decision finding Plaintiff not disabled because she could perform other work existing in significant numbers. (AR 16-41).

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security and substituted as a party.

On May 2, 2019, Plaintiff testified in front of the ALJ. (AR 43-86). Janice S. Hastert, MS, also testified as a vocational expert witness. (AR 80-85). Plaintiff's counsel did not object to Ms. Hastert serving as a vocational expert at the hearing. (AR 82).

Ms. Hastert testified that a hypothetical individual with the same limitations as Plaintiff could perform jobs like final assembler—with 12,000 jobs in the national economy—egg processor—with 27,000 jobs in the national economy—and circuit board assembler—with 68,000 jobs in the national economy. (AR 83-84). Plaintiff's attorney did not question Ms. Hastert about her testimony concerning job numbers. (AR 80-85).

After the hearing, the ALJ left the record open for thirty days in which Plaintiff's counsel could submit additional evidence. (AR 85). On June 7, 2019, after the thirty-day deadline had passed, the ALJ sent a letter to Plaintiff's counsel informing him that the ALJ would close the record in ten days. (AR 257). Plaintiff's counsel requested a two-week extension. (AR 255). Two weeks later, Plaintiff's counsel requested another two-week extension. (AR 256). Plaintiff's counsel submitted four two-week extension requests in total. (AR 258-59). In August of 2019, the ALJ sent Plaintiff's counsel another letter, explaining that the ALJ would close the record in ten days if he did not hear anything further. (AR 260). The ALJ waited an additional thirty days but did not receive any response. (AR 20). The ALJ then closed the record. (AR 20).

Plaintiff submitted additional evidence she claimed to contradict the vocational expert's numbers to the Appeals Council on December 9, 2019. (AR 361-456). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final, on July 14, 2020. (AR 1-6). On August 26, 2020, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). (ECF No. 1).

**B.     The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. §§ 404.1520 and 416.920. (AR 19-34). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 21, 2016, the alleged onset date. (AR 22). At step two, the ALJ found that Plaintiff has severe medically determinable impairments. (AR 22-26). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal one of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 22-26). In making this finding, the ALJ specifically considered Listings 1.02, 1.04, 3.02, 6.03, 6.05, 6.09, and 13.21. (AR 24).

At step four, the ALJ found Plaintiff had a residual functional capacity ("RFC") to perform a range of sedentary work as defined in 20 C.F.R. § 416.967(a). (AR 26-27). The ALJ found that Plaintiff is not capable of performing any past relevant work. (AR 33). At step five, the ALJ found Plaintiff to be a younger individual age 18-44 on the alleged disability onset date, to have limited education, to be able to communicate in English, that the transferability of job skills is not material, and there are jobs that exist in significant numbers in the national economy that she can perform. (AR 33-34). The ALJ considered the Medical-Vocational Rule 201.25 along with the erosion of the unskilled light occupational base due to the additional RFC limitations and relied on vocational expert testimony to find the following jobs were capable of being performed: (1) final assembler with 12,000 jobs in the national economy; (2) egg processor with 27,000 jobs in the national economy; or (3) circuit board assembler with 68,000 jobs in the national economy. (AR 33-34). Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from February 22, 2012 through the date of the decision. (AR 34).

**II.    Standard.**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**III.    Disability evaluation process.**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**IV.     Analysis and findings.**

    ***A.     Plaintiff did not waive her challenge to the vocational expert's testimony.***

Plaintiff contends that this Court should consider evidence that she submitted to the Appeals Council after the ALJ made his decision. She argues that it was impossible to anticipate and object to the vocational expert's testimony at the ALJ hearing and that Ninth Circuit precedent support this Court considering her new evidence. The Commissioner argues in response that this court should not consider the evidence Plaintiff submitted to the Appeals Council because Plaintiff missed her many chances to object and rebut the vocational expert's testimony during and after the hearing. The Commissioner contends that Plaintiff failed to preserve the issue for appeal and that the Ninth Circuit precedent Plaintiff cites is inapplicable.

In reply, Plaintiff asserts that she timely raised her challenges by submitting them to the Appeals Council. She claims that the Commissioner's reading of Ninth Circuit cases on point is erroneous. She ends by arguing that the hearing process contains an inherent "structural surprise at administrative hearings" in that plaintiffs are surprised by the testimony of vocational experts and should be allowed to challenge that testimony at any time during the appeal process.

Under binding Ninth Circuit precedent, a plaintiff who fails to raise a challenge before the ALJ but submits evidence in support of that challenge to the Appeals Council, preserves that challenge on appeal to the district court. *See Brewes v. Commissioner of Social Security Administration*, 682 F.3d 1157 (9th Cir. 2012); *see Shaibi v. Berryhill*, 883 F.3d 1102, 1108, 1110 (9th Cir. 2017). In *Brewes*, the Ninth Circuit held that evidence a plaintiff did not submit to the ALJ to challenge a vocational expert's testimony, but that she had submitted to the Appeals Council, became part of the record which the district court should have considered when reviewing the Commissioner's final decision. *See Brewes*, 682 F.3d at 1163. In *Shaibi*, the Ninth Circuit determined that a plaintiff who had not challenged a vocational expert's numbers before the ALJ *or* before the Appeals Council had waived her challenge on appeal before the district court. *See Shaibi*, 883 F.3d at 1108, 1110. While the Ninth Circuit recently expanded on its decisions in *Brewes* and *Shaibi* in its 2021 *Shapiro* and *Jaquez* decisions, those decisions are

unpublished and not binding precedent. *See Jaquez v. Saul*, 840 Fed.Appx. 246 (9th Cir. 2021) (unpublished); *see Shapiro v. Saul*, 833 Fed.Appx. 695 (9th Cir. 2021) (unpublished).

Here, Plaintiff failed to raise her challenge to the vocational expert's employment numbers in front of the ALJ. She also failed to raise them in the multiple opportunities the ALJ provided for Plaintiff to supplement the record. But the Ninth Circuit's standard—as it currently stands—does not question how many opportunities a plaintiff had to raise her challenge, only whether she raised it before the Appeals Council. Here, Plaintiff did. She submitted evidence supporting her challenge to the vocational expert's testimony to the Appeals Council and thus did not waive her challenge on appeal before this Court. The Court may properly consider Plaintiff's rebuttal evidence.

**B.    *The ALJ's disability determination based on the vocational expert's testimony is supported by substantial evidence.***

Plaintiff contends that the evidence she submitted to the Appeals Council contradicts the vocational expert's testimony and Court should find that the ALJ's decision was not supported by substantial evidence. Plaintiff argues that her evidence contradicts the vocational expert's testimony that: (1) 12,000 jobs exist in the national economy for a final assembler; (2) 27,000 jobs exist in the national economy for an egg processor; and (3) 68,000 jobs exist in the national economy for a circuit board assembler. She claims Job Browser Pro—a source of job number data which matches occupations to industry—estimates that only 28 jobs for final assemblers, 71 jobs for egg processors, and 1,011 jobs for circuit board assemblers exist in the national economy.

In response, the Commissioner argues that Plaintiff's evidence consists of printouts from a website—Occu-Collect—owned by one of the attorneys' associated with her counsel's law firm. The Commissioner points out that Plaintiff has provided no explanation for the numbers, did not identify the methodology for calculating those numbers, and failed to explain whether anyone with vocational expertise determined them. The Commissioner cites to four California district court decisions rejecting the same Occu-Collect evidence Plaintiff submits here. The Commissioner ends by explaining that even if the Court considered Plaintiff's evidence, it would still find that the ALJ's findings were supported by substantial evidence.

        Plaintiff replies that the owner of the source where she obtained the evidence does not matter. Rather, she explains, Occu-Collect compiles data from the Occupational Outlook Handbook, O*NET Online, and Occupational Requirements Survey, each of which she argues is an acceptable source of data. Plaintiff also argues that her Job Browser Pro evidence is an accepted methodology, pointing to First Circuit precedent.

        The Ninth Circuit has not set out a "bright-line rule for what constitutes a 'significant number' of jobs." *Gutierrez v. Colvin*, 740 F.3d 519, 528 (9th Cir. 2014) (work can exist in significant numbers either in the region where the plaintiff lives or in several regions of the country); *see also Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). Notably, in *Gutierrez*, the Ninth Circuit found 25,000 jobs in the national economy to be sufficient to constitute a significant number of jobs. Here, the vocational expert testified that a person having the RFC limitations assigned to Plaintiff could perform jobs existing in significant numbers in the national economy; specifically, the vocational expert testified that 12,000, 27,000, and 68,000 jobs exist in the national economy for the final assembler, egg processor, and circuit board assembler jobs, respectively. (AR 33-34, 83-84).

        Plaintiff's counsel never challenged the job numbers the vocational expert presented, never inquired about the sources of the job numbers, or made any argument to the ALJ about the reliability of those numbers. (AR 83-85). Plaintiff's counsel also never presented any other jobs data or cross-examined the vocational expert on the job numbers, even though the ALJ provided her with that opportunity. (AR 84-85). After the ALJ kept the record open for additional evidence—which Plaintiff never provided—and issued his adverse decision, Plaintiff submitted additional vocational evidence to the Appeals Council. (AR 20, 255-260, 361-456). At the Appeals Council and now Plaintiff claims that Job Browser Pro and Occu-Collect notes far fewer jobs available for the final assembler, egg processor, and circuit board assembler positions identified at step five. After considering the additional evidence submitted by Plaintiff, the Appeals Council denied review, noting that none of the reasons for which Plaintiff disagreed with the ALJ's decision provided a basis for changing the decision. (AR 1).

Under these circumstances, the ALJ's findings are entitled to deference. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."). First, the ALJ was entitled to rely on the vocational expert's testimony regarding the number of jobs in the economy. *See* 20 C.F.R. § 416. 966(e) (authorizing the ALJs to rely on vocational expert's testimony to determine occupational issues); *Bayliss*, 427 F.3d at 1217–18 (upholding ALJ's reliance on vocational expert's testimony regarding job numbers).

Second, the vocational expert's testimony amounts to substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001) (testimony of a vocational expert constitutes substantial evidence). Neither the ALJ nor the vocational expert was required to identify the methodology used to determine the jobs that Plaintiff can perform. The vocational expert's expertise is a sufficient foundation by itself. *Id*. at 1218. Indeed, in 2020, the Ninth Circuit reiterated that an ALJ is not required to order a vocational expert to identify or provide his source material for his testimony on the number of jobs that exist in the national economy that a claimant could perform. *Ford v. Saul*, 950 F.3d 1141, 1158 (9th Cir. 2020). The Ninth Circuit noted that the qualified vocational expert's testimony as to the number of jobs existing in the national economy is inherently reliable and ordinarily sufficient by itself to support the ALJ's step five finding. *Id.* at 1160. It also found that the vocational expert's failure to produce the data underlying the testimony did not undermine its reliability. *Id.* at 1159-60.

Third, Plaintiff's assessment of the raw vocational data derived from Job Browser Pro and Occu-Collect does not undermine the reliability of the vocational expert's opinion, which the ALJ adopted at step five. The data cited by Plaintiff was not presented through an expert source. Also, neither Job Browser Pro nor Occu-Collect is included in the list of published sources recognized as authoritative by Social Security regulations. *See* 20 C.F.R. § 404.1566(d). Although Plaintiff argues that Occu-Collect compiles authoritative published sources, she has cited no Ninth Circuit decisions that hold that a vocational expert must rely on either Occu-Collect or Job Browser Pro or that these sources control when they conflict with the vocational expert's testimony. To the contrary, the Commissioner has cited four California district court

cases in which the court refused to find that Plaintiff's attorney-owned Occu-Collect resource controlling. *See Grether A.D. v. Saul*, No. CV 20-3356-E, 2021 WL 1664174, at *8 n.8 (C.D. Cal. Ar. 28, 2021); *see Tommy D.J. v. Saul*, No. EDCV 20-1013-RAO, 2021 WL 780479, at *3 n.3 (C.D. Cal. Mar. 1, 2021); *see Talley v. Saul*, No. 5:19-cv-2087-SK, 2020 WL 8361923 (C.D. Cal. Dec. 17, 2020); *see Laurie Jean G. v. Saul*, No. 8:19-cv-00521-KES, 2020 WL 584735, at *7 (C.D. Cal. Feb. 6, 2020).

The Ninth Circuit has instructed that where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Thomas*, 278 F.3d at 954. Moreover, the Ninth Circuit's most recent review of this issue supports upholding the ALJ's step five finding as the vocational expert's testimony was inherently reliable. *Ford*, 950 F.3d at 1158-60. At best, Plaintiff has presented evidence sufficient to support an alternative finding regarding the number of relevant jobs available in the economy.[2] That is not enough to warrant remand. *Id.*

**IT IS THEREFORE ORDERED** that Plaintiff's motion to remand or reverse (ECF No. 20) is **denied.**

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 21) is **granted.** The Clerk is kindly directed to enter judgment accordingly and close this case.

DATED: August 27, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that Plaintiff has not presented any reason as to why she did not proffer her evidence, which presumably was available at the time of the hearing, to the ALJ, rather than waiting to submit it to the Appeals Council.